UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| KEM ONTAE PETERS,<br><br>              Plaintiff,<br><br>    v.<br><br>CEASAR ALMASE, ESQ.<br><br>              Defendant. | Case No. 2:22-cv-02152-JAD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE: 1-1 (Complaint) |

      Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) and Civil Rights Complaint (ECF No. 1-1). Plaintiff's *in forma pauperis* application is complete; therefore, the Court screens Plaintiff's Complaint under 28 U.S.C. § 1915A(a).

**I.      The Screening Standard**

      When screening a complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

      In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Plaintiff's Complaint**

Plaintiff identifies one defendant in his Complaint. That defendant is "appointed attorney Ceasar Almase" who Plaintiff alleges violated confidentiality obligations, was deceitful and dishonest. ECF No. 1-1 at 2. Plaintiff's Claim 1 alleges he suffered ineffective assistance of counsel, a violation of the Sixth Amendment of the United States Constitution. *Id*. at 3.[1] However, Plaintiff's court appointed criminal defense attorney is not a state actor. *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 466 (9th Cir. 2003) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981)).[2] Thus, Plaintiff's ineffective assistance claim fails under 42 U.S.C. § 1983.

Further, U.S. Supreme Court precedent establishes an ineffective assistance of counsel claim must be brought first through a direct appeal and then through a post-conviction habeas corpus petition, not a § 1983 action. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). For this additional reason, Plaintiff's Claim 1 fails as a matter of law.

Plaintiff's Claim 2 avers malpractice against Mr. Almase stating counsel "failed and refused to promptly comply with his client's reasonable requests," withheld *Brady* material, rejected Plaintiff's calls to counsel's office, and provided a false address to which Plaintiff could send concerns and requests. ECF No. 1-1 at 4.[3] However, a claim for legal malpractice does not come

---

[1]   Although Plaintiff alleges his claim also arises under the Fourteenth Amendment, it is long established that it is the Sixth Amendment that guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

[2]   42 U.S.C. § 1983 provides the means for the private enforcement of substantive rights created by the U.S. Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To the extent Plaintiff seeks to state a claim under § 1983, he "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.*

[3]   The header of this claim avers it is brought under the Sixth and Fourteenth Amendments; however, a claim asserting legal malpractice cannot be brought under § 1983 because, as stated above, court appointed attorneys, when are

within the original jurisdiction of the federal courts. *Franklin v. State of Oregon, State Welfare Division*, 662 F.2d 1337, 1345 (9th Cir. 1981). Moreover, the Court notes that in Nevada court appointed attorneys cannot be held liable in a malpractice action for allegedly negligently representing a defendant in underlying criminal proceeding. *Morgano v. Smith*, 879 P.2d 735, 736–737 (Nev. 1994); *Ramirez v. Harris*, 773 P.2d 343, 344 (Nev. 1989); Nev. Rev. St. 41.032(2). Accordingly, Plaintiff fails to state, and cannot state, a cognizable attorney malpractice claim against Mr. Almase.

### III.   Recommendation

Accordingly, and based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed **with prejudice** because his claims fail as a matter of law and, therefore, amendment would be futile.

Dated this 3rd day of January, 2023.

                                                                              ELAYNA J. YOUCHAH
                                                                              UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

acting in their role as advocate, are not acting under color of state law for § 1983 purposes. *Polk Cnty.*, 454 U.S. at 320–25; *Miranda*, 319 F.3d at 468.